IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**VICTOR CHARLES FOURSTAR, JR.,**

    Petitioner,

v.                                         Case No. 5:15cv297-MP/CAS

**NICOLE ENGLISH, Warden,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

On or about November 12, 2015, Petitioner Victor Charles Fourstar, Jr., a federal prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On March 17, 2016, Respondent filed an answer, with exhibits. ECF No. 10. Petitioner filed a reply on or about March 31, 2016, in which he also requests a stay or extension of time and appointment of counsel. ECF No. 13.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes the petition is moot and should be dismissed.

## Procedural Background

On February 27, 2003, in the United States District Court for the District of Montana, in case number 4:2002cr52, Petitioner Fourstar was sentenced to 188 months in prison, to be followed by 5 years of supervised release, after his jury trial and conviction for aggravated sexual abuse in violation of 18 U.S.C. §§ 1153 and 2241(a). ECF No. 10-2 at 1-5 (Judgment). Fourstar appealed his conviction to the Ninth Circuit Court of Appeals, challenging evidentiary rulings and jury instructions, and that court affirmed his conviction. United States v. Fourstar, 87 F. App'x 62 (9th Cir. 2004).

In his § 2241 petition, Fourstar raises four grounds challenging a 1992 Montana state conviction and a 1988 tribal court conviction:

(1) "Petitioner was denied evidence of actual innocence in Brady violations and then abandoned by post-conviction relief counsel in Brady claims in violation of Petitioner's rights under 1st, 4th, 5th, 6th, 14th Amendments of United States Constitution" where "[o]n August 2, 1992 the Petitioner . . . was denied evidence of his innocence to the Montana state criminal felony charge(s) of sexual intercourse without consent and vehicle theft by [the] state prosecutor . . . when [the prosecutor] failed to disclose Fourstar's alleged victim (L.A.) recantation . . . ." ECF No. 1 at 3.

(2) "Petitioner was denied evidence of actual innocence in Miranda violations and then abandoned by state court

appointed appellate attorney and post-conviction relief counsel in violation of rights under 1st, 4th, 5th, 6th, and 14th Amendments of U.S. Constitution requiring Martinez hearing" where "[o]n August 4, 1992, the Petitioner . . . was denied evidence of his innocence to the Montana state court criminal charges of sexual intercourse without consent and vehicle theft by [the state prosecutor] . . . ."  *Id.* at 4.

(3)  "Petitioner was denied evidence of actual innocence due to prosecutorial misconduct and then abandoned by state appellate and post-conviction relief counsel in violation of his rights under 1st, 4th, 5th, 6th, and 14th Amendments of the U.S. Constitution and requiring Martinez hearing" where "[o]n or about April 1988 the Petitioner . . . was illegally coerced into entering a false guilty plea in Fort Peck Tribal Juvenile Court to a felony charge of felony aggravated assault."  *Id.* at 4-5.

(4)  "Petitioner's 6th Amendment deprivations constitute the kind of 'extraordinary circumstances' that will justify an exemption to the procedural default rule in habeas corpus that could conceivably justify reopening a case through Fed. R. Civ. P. Rule 60(b)(6)" where "[o]n June 6, 2005, retained 28 U.S.C. § 2255 counsel . . . abandoned the Petitioner . . . in claims alleging Montana federal defender . . . rendered ineffective assistance of counsel by failing to file a notice of appeal . . . ."  *Id.* at 5.

Petitioner Fourstar does not challenge his federal conviction or sentence. *See id.* at 2-6.   At the time he filed this § 2241 petition, he was incarcerated at the Federal Correctional Institution in Marianna, Florida. *See* ECF Nos. 1, 13.

Respondent's answer points out that Petitioner Fourstar is not in

Case No. 5:15cv297-MP/CAS

custody for the state or tribal convictions he challenges; he was discharged from the state sentence on December 13, 1997. ECF No. 10 at 2-3. Respondent further asserts Fourstar may not proceed under the savings clause because he has not established that relief under § 2255 is ineffective or inadequate. *Id*. Respondent also explains that Fourstar has filed numerous post-conviction motions, including motions pursuant to 28 U.S.C. § 2255 in federal court, as well as motions in Montana state court. *Id*. at 4-7. Indeed, in another § 2241 case Fourstar filed in this Court, the U.S. Magistrate Judge explained Fourstar has filed at least eight § 2241 petitions challenging his underlying conviction and sentence in various federal courts. Fourstar v. Warden, No. 5:15cv303-LC/GRJ, 2016 WL 2958787 (Report and Recommendation entered April 29, 2016).

Notably, Respondent points out that Fourstar previously filed, in 2014, a § 2241 petition in the Eastern District of California, claiming (as he does here, at least with a passing reference in his fourth ground) that his current sentence was enhanced by a wrongfully obtained 1992 Montana state conviction. ECF No. 10 at 6-7; *see* Fourstar v. Copenhaver, 2014 WL 6885979 (E.D. Cal. Dec. 4, 2014). That court denied the § 2241 petition, explaining that Fourstar did not meet the § 2241 procedural

limitations and that he had filed several habeas petitions in other jurisdictions. Fourstar, 2014 WL 6885979 at *1. *See also, e.g.,* Fourstar v. Walton, 2013 WL 6169277 (S.D. Ill. Nov. 25, 2013) (dismissing § 2241 with prejudice and rejecting Fourstar's claims under United States v. Booker, 543 U.S. 220 (2005), and Begay v. United States, 553 U.S. 137 (2008)).

A review of the website for the Federal Bureau of Prisons indicates Petitioner Fourstar, Inmate Register Number 07418-046, was released on December 9, 2016. *See* www.bop.gov/inmateloc/. As of the date of this Report and Recommendation, Petitioner has not filed a notice of change of address with this Court.

## Analysis

Whether an action is moot involves a jurisdictional issue because it implicates the Article III requirement of a live case or controversy. Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987). Upon expiration of a petitioner's sentence, "some concrete and continuing injury other than the now-ended incarceration" – some "collateral consequence" of the conviction – must exist to maintain the habeas action. Spencer v. Kemna, 523 U.S. 1, 7 (1998). *See, e.g.*, U.S. ex rel. Graham v. U.S. Parole

Comm'n, 732 F.2d 849, 850 (11th Cir. 1984) (holding federal prisoner's habeas petition challenging regulations and decisions by U.S. Parole Commission was mooted by prisoner's release as his "ultimate objective in bringing the action was to obtain parole" and "[s]ince he has been released on parole in the interim, we find there no longer is a case or controversy to litigate" as "[a] favorable decision on the merits would not entitle Graham to any additional relief"); Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (holding district court properly dismissed as moot state prisoner's § 2254 petition alleging unconstitutional miscalculation of gain time credits, where prisoner was released from custody while petition was pending and he had attacked only length of confinement, not underlying conviction).

Here, to the extent Petitioner's only objective in bringing this habeas action was a reduction in his federal sentence, because he has since been released from incarceration, there is no longer a case or controversy to litigate. Thus, this action is moot and should be dismissed.

To the extent Petitioner challenges his Montana state and tribal convictions, as Respondent indicates, such challenge is not appropriate in federal habeas particularly where Petitioner is no longer in custody for those convictions. See Fourstar v. Walton, 2013 WL 6169277 at *2

(memorandum and order dismissing § 2241 petition and explaining: Fourstar's "state conviction stands and any argument that his federal sentencing enhancement is premised upon an invalid conviction crumbles – there is no recognized fundamental defect.   Because Fourstar is no longer in custody on the state conviction at issue, and the Montana Supreme Court's order stated that any further reconsideration was barred, Fourstar is without recourse.").   To the extent Petitioner challenges his federal conviction, he has not shown relief under § 2255 is ineffective or inadequate and, thus, has not satisfied the savings clause to open the § 2241 portal, nor has he been granted permission from the Court of Appeals to file a successive § 2255 motion.

## Conclusion

For the reasons stated above, this § 2241 petition (ECF No. 1) should be **DISMISSED**.   Any pending motions should be denied.

**IN CHAMBERS** at Tallahassee, Florida, on January 4, 2017.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**